UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| LaVERNE McBRYDE-O'NEAL,<br><br>                              Plaintiff,<br><br>            -against-<br><br>MARNE L. LENOX; SOPHIA,<br><br>                              Defendants. | 24-CV-0620 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action under the court's federal question jurisdiction, alleging that Defendants violated her federal constitutional rights. Named as Defendants are Assistant Federal Defender Marne L. Lenox and Lenox's investigator "Sophia." By order dated February 1, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses the complaint for the reasons set forth below.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff brings this action under the court's federal question jurisdiction, asserting that Defendants violated her rights under the First and Fourteenth Amendments. The following allegations are taken from the complaint. On January 27, 2023, Defendant Sophia came to Plaintiff's apartment in Manhattan and "download[ed] full footage from [Plaintiff's] Ring Device on [her] door concerning an alleged entry into [her] apartment by the New York police department."[1] (ECF 1, at 5.) A request was made that the footage be turned over to Alan Seidler,

---

[1] The alleged entry of police officers into Plaintiff's apartment is the subject of another action brought by Plaintiff in this court. *See McBryde-O'Neal v. Polichetti*, No. 23-CV-10113 (JPC) (RFT) (S.D.N.Y.). On January 31, 2024, Magistrate Judge Robyn F. Tarnofsky granted

another attorney. Seidler received only 23 seconds of the 90 minutes of footage. Plaintiff attempted to contact Lenox and Sophia regarding the "missing footage," but they have not responded to Plaintiff's inquiries. (*Id.*)

Plaintiff further alleges that a private investigator found that "there was in fact additional footage that Marne Lenox and Sophia originally had in their possession but failed to turn over to Alan Seidler." (*Id.* at 6.) Plaintiff maintains that Lenox and Sophia "knowingly and intentionally failed to turn over the full footage" and that they "lied" to Seidler when they told him that "there was no more footage." (*Id.*)

Plaintiff seeks money damages.

## DISCUSSION

**A.      Constitutional claims**

Plaintiff asserts claims against employees of the Federal Defenders for money damages for allegedly violating her constitutional rights. Whether Plaintiff's claims for damages arise under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971),[2] in order to seek relief for violations of her constitutional rights, Plaintiff must allege facts showing that Defendants are government actors. *See, e.g.*, *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d

---

Plaintiff's request to issue a subpoena requiring Ring LLC to preserve any footage it may have in its possession from date and time that the officers entered Plaintiff's residence.

[2] *Bivens* is the "federal analog to suits brought against state officials under" Section 1983. *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009); *see Morales v. City of New York*, 752 F.3d 234, 237 (2d Cir. 2014) (holding that district court properly construed Section 1983 claims brought against federal employee as arising under *Bivens*). Caselaw from actions brought under Section 1983 may be used to address issues raised in *Bivens* cases. *See Butz v. Economou*, 438 U.S. 478, 498-99 (1978); *Shue v. United States*, 466 F. App'x 51, 51 (2012) (citing *Tavarez v. Reno*, 54 F.3d 109, 110 (2d Cir. 1995)).

Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties."). Attorneys acting as defense counsel in criminal proceedings, including Assistant Federal Defenders, are not deemed government actors. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 324-25 (1981) (public defenders do not act "under color of state law" in performing their functions as counsel to indigent defendants); *Jaber v. Hanley*, ECF 1:20-CV-7347, 7, at 6 (LLS) (S.D.N.Y. Dec. 2, 2020) ("[Assistant Federal Defenders] are private parties who cannot, for purposes of *Bivens* claims for damages, be deemed government actors when acting as his defense counsel."); *Olmeda v. Babbits*, No. 07-CV-2140 (NRB), 2008 WL 282122, at *7 (S.D.N.Y. Jan. 28, 2008) (holding that federal defender cannot be sued under Section 1983 or *Bivens*).

Defendant Lenox is an Assistant Federal Defender and Sophia is her assistant. Because Defendants are private parties who are not alleged to work for any state or other government body, Plaintiff has not stated a claim against Defendants under either Section 1983 or *Bivens*. The Court therefore dismiss her Plaintiff's constitutional claims for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.      State law claims**

A district court may decline to exercise supplemental jurisdiction over state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which

4

district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## C.     Leave to amend is denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend his complaint.

## CONCLUSION

The Court dismisses the complaint for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court declines to exercise supplemental jurisdiction of any state law claims Plaintiff may be asserting. *See* 28 U.S.C. § 1367(c)(3).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   February 14, 2024
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge